UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff /Respondent,<br><br>　　　v.<br><br>FELIPE SOLIS-SANCHEZ,<br><br>　　　　　　Defendant/Movant. | No.  2:12-cr-0079 MCE AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I.　　Introduction

Movant Felipe Solis-Sanchez is a federal prisoner proceeding pro se with a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence imposed November 14, 2013, for which judgment was entered on November 18, 2013. See ECF Nos. 74, 75. Movant filed his motion on August 8, 2016. See ECF No. 100. The government has responded with a motion to dismiss based on the statute of limitations and on the ground that movant's petition fails to allege a cognizable claim. See ECF No. 106. Movant filed his reply on January 30, 2017. See ECF No. 110. For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be granted, and movant's Section 2255 motion be dismissed with prejudice.

II.　　Background

In November 2013, movant pled guilty to conspiracy to distribute, and possession with intent to distribute, controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and was

1

sentenced to a prison term of 192 months.  See ECF No. 74.  Judgment was entered on November 18, 2013.  See ECF No. 75.  Two years later, by stipulation and order filed November 10, 2015, movant's sentence was reduced to 188 months pursuant to 18 U.S.C. § 3582(c)(2), due to a retroactive change in the Sentencing Guidelines.  The Amended Judgment Reducing Sentence was entered on November 18, 2015.  See ECF No. 99.

Following entry of the original judgment, movant filed a notice of appeal in the Ninth Circuit Court of Appeals on December 20, 2013.  See ECF No. 87.  Movant thereafter requested voluntary dismissal of the appeal, which was granted on March 25, 2014, subject to immediate mandate.  See ECF No. 95.

On August 3, 2016,[1] movant filed the instant petition pursuant to 28 U.S.C. § 2255.[2]  See ECF No. 100.  Movant contends that his indictment was invalid, the therefore that his resulting conviction and sentence are void.  Movant asserts that his petition was timely filed because based on newly discovered evidence.  Respondent moves to dismiss the petition on the ground that it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f), and because it fails to allege a cognizable claim.  Movant's reply expands upon the claims set forth in his petition.

III.    Analysis

"Under 28 U.S.C. § 2255(f), there is a one-year period of limitation to file a collateral attack on a federal conviction that runs from the latest of four events[.]"  United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015).  Only two of these four events have potential application to the determination whether the instant petition was timely filed.  Movant's Section 2255 petition

---

[1] This filing date is based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying mailbox rule to both state and federal filings by incarcerated inmates).

[2] Review of movant's filings in this court indicate that the instant case is his first-filed petition under 28 U.S.C. § 2255, and is therefore not successive.  See 28 U.S.C. § 2255(h); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records and the records of other courts).


must have been filed in this court within one year from "the latest of" the following:  "(1) the date on which the judgment of conviction becomes final; [or] . . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. 2255(f).

Movant's conviction became final on March 25, 2014, when the Court of Appeals granted movant's request to voluntarily dismiss his direct appeal.  See Cooper v. Cooke, 2006 WL 3124907, at *3, 2006 U.S. Dist. LEXIS 79095 (D. Haw. Oct. 30, 2006) ("United States v. Arevalo, 408 F.3d 1233, 1236 (9th Cir. 2006) (voluntary dismissal divests appellate court of jurisdiction); United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (case is final when the availability of appeal is exhausted)"); accord, United States v. Jacobs,  2012 WL 1902018, at *2, 2012 U.S. Dist. LEXIS 73339, at *6 (C.D. Cal. Feb. 7, 2012), report and recommendation adopted, 2012 WL 1902017, 2012 U.S. Dist. LEXIS 73340 (C.D. Cal. May 25, 2012).

Movant's resentencing on November 18, 2015, pursuant to 18 U.S.C. § 3582(c)(2), did not impact the finality of movant's conviction and sentence on March 25, 2014.  See Dillon v. United States, 560 U.S. 817, 821 (2010) ("When the [Sentencing] Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision.").  "[S]ection 3582(c)(2) does not authorize a plenary resentencing proceeding, but only a limited adjustment to an otherwise final sentence when the Guidelines range applicable to a defendant's sentence has subsequently been lowered."  United States v. Mayo, 548 Fed. Appx. 440 (9th Cir. 2013) (citing Dillon, supra).

Therefore, absent grounds for equitable tolling, see United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) ("statute of limitations contained in § 2255 is subject to equitable tolling"), the limitations period expired on March 25, 2015, one year after the Court of Appeals granted movant's request to voluntarily dismiss his direct appeal.  Movant's Section 2255 petition was filed on August 8, 2016, more than sixteen months later.

Equitable tolling may be available upon a showing that extraordinary circumstances beyond movant's control made it impossible for him to file his petition on time.  Battles, 362 F.3d at 1197 (citation omitted).  Although movant's "newly discovered evidence" argument under

Section 2255(f)(4) appears to overlap with considerations of equitable tolling, the argument is not framed in those terms and, in any case, is frivolous for the reasons set forth below.  Therefore, this court finds that equitable tolling does not apply.

Accordingly, this court finds that the instant petition was untimely filed under 28 U.S.C. § 2255(f)(1).

Movant contends that his petition is timely filed under Section 2255(f)(4), based on "newly discovered evidence" that the indictment was invalid and therefore that the judgment on his conviction and sentence "void."[3]  Under Section 2255(f)(4), "[t]he clock runs from 'the date on which the [supporting] facts . . . could have been discovered through . . . due diligence.'" Walker v. Martin, 562 U.S. 307, 308 (2011) (quoting 28 U.S.C. § 2255(f)(4)).  Thus, in the instant case, the clock under Section 2255(f)(4) commenced when movant, through the exercise of due diligence, could have discovered the factual predicate for his claims, not when he discovered or devised new legal theories based on previously known facts.

Movant does not identify when he discovered the alleged new evidence.  However, it is clear that the principal factual predicate for movant's claims is the wording of the indictment against him and the charges for which he pled guilty, i.e., matters known to movant at the time of his indictment and guilty plea.  Movant's arguments include the following:  that the indictment was "customized and summarized" without providing all relevant facts and the full language of applicable code sections, thus rendering movant unable to prepare an adequate defense; that the grand jury's indictment of "Mr. Felipe Solis" was not an indictment of movant who refers to himself as "Mr. Felipe Solis-Sanchez;" that movant is not a citizen of the United States but a citizen of one of fifty sovereign states; that the United States establish standing to prosecute movant, and the United States Attorney's Office did not have the authority to prosecute him.

These arguments are plainly and patently frivolous.  Unless an indictment "is so fatally defective as to deprive the court of jurisdiction," it "is not open to collateral attack after

---

[3] Petitioner acknowledges that his "new facts" claim, which he frames under Federal Rule of Civil Procedure 60(b)(4) (authorizing relief from a final judgment when "the judgment is void"), comes within the "new facts" exception of 28 U.S.C. § 2255(f)(4). See ECF No. 100 at 7.

4

conviction," but only to challenge at trial or "on direct appeal." <u>Fiano v. United States</u>, 291 F.2d 113, 114 (9th Cir. 1961). Moreover, "[i]t is settled in this and other circuits that a plea of guilty to an indictment is an admission of all non-jurisdictional facts alleged in the charge, and that the judgment and sentence may not be collaterally attacked under 28 U.S.C. § 2255 for technical or non-jurisdictional defects." <u>Robison v. United States</u>, 329 F.2d 156, 158 (9th Cir. 1964) (citing <u>Fiano</u>). Movant asserts no reasonable basis for questioning the court's jurisdiction in this case. The indictment clearly identified movant's alleged federal crimes, including the time and place of the offenses and applicable federal law. <u>See</u> ECF No. 7. Further, it is the responsibility of United States Attorneys to "prosecute for all offenses against the United States." <u>See</u> 28 U.S.C. § 547(1).

As respondent notes, movant "cannot claim that he was ignorant of the indictment's charge or its wording since he was arraigned on it and pled guilty to it." ECF No. 106 at 2. Because the factual predicates for movant's instant arguments were available when he pled guilty in 2013, Section 2255(f)(4) does not provide an alternate basis for commencing the limitations period.

IV.   <u>Conclusion</u>

For the foregoing reasons, this court finds that movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence was untimely filed after expiration of the only applicable statute of limitations, 28 U.S.C. § 2255(f)(1). Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 106, be granted; and

2. Movant's motion pursuant to 28 U.S.C. § 2255 be dismissed with prejudice as time-barred and for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

1  which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed
2  within fourteen days after service of the objections. The parties are advised that failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: March 28, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE