UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIPE SOLIS-SANCHEZ,<br><br>Defendant. | No. 2:12-CR-00079-MCE<br><br>**ORDER** |

Defendant Felipe Solis-Sanchez ("Defendant") pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced on November 14, 2013, to a prison term of one hundred and ninety-two (192) months. Presently before the Court is Defendant's Motion to Vacate and/or Reduce Sentence. ECF No. 133. The Government opposes Defendant's request. ECF No. 136. For the reasons that follow, his Motion is DENIED.

Defendant asks that his sentence be reduced to time served with an extensive period of home confinement under 18 U.S.C. § 3582(c)(1)(A)(i) "[b]ecause of wife's debilitating medical issues, her inability to care for herself, and the unfortunate change in home-care situation." ECF No. 133 at 1. Even if Defendant had demonstrated the

1

requisite "extraordinary and compelling" family circumstances capable of justifying a sentence reduction, however, release would remain in appropriate in this case.  f

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C. § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive

2

gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Accordingly, Defendant is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that the following "extraordinary and compelling reasons" exist under "Family Circumstances": "The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1.

Here, Defendant contends that the COVID-19 pandemic has changed his family circumstances such that he qualifies for release. The burden is on Defendant. <u>United States v. Holden</u>, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). He has not met that burden here.

After considering all of the circumstances of this case, including the factors under 18 U.S.C. § 3553(a), the Court agrees with the Government that, even assuming Defendant's family circumstances qualify him for consideration for release, which this Court does not decide, such release would be inappropriate both under § 3553(a) and because Defendant remains a danger to the community.

As the Government has explained:

> [Defendant] was responsible for shipping several kilograms of cocaine and over 1.5 kilograms of methamphetamine (actual) to Hawaii as part of a sophisticated drug trafficking operation. He recruited [a third party] to work as his courier delivering the methamphetamine to Kauai and directed the activities of [another individual] in the conspiracy. His leadership role in the offense made him ineligible for a reduction under the "safety valve" provisions. Nothing about the COVID-19 pandemic reduces the defendant's danger. ECF No. 133 at 11. Given the foregoing, Defendant has not demonstrated he is no longer a danger to the community.

Nor do the § 3553(a) factors support release. Defendant has only served roughly half of his sentence, which was sufficient but not greater than necessary at the time it was imposed and remains so now. Having found that Defendant has not shown he will not be a danger to the community and having considered all of the factors set forth in § 3553(a), the Court thus concludes that release would be inappropriate. Defendant's Motion for Compassionate Release (ECF No. 133) is DENIED.

IT IS SO ORDERED.

Dated:  December 30, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

4