UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:12-cr-00079-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Felipe Solis-Sanchez, | |
| Defendant. | |

Defendant Felipe Solis-Sanchez moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Proceeding pro se, defendant argues there are extraordinary and compelling circumstances warranting compassionate release because he received an excessive and unjust sentence.

**I.    BACKGROUND**

Following an entry of a guilty plea to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), the court sentenced defendant to 192 months in prison followed by 60 months of supervised release. Mins. Sent'g, ECF No. 74; *see* Mins. Change of Plea, ECF No. 50; Indictment, ECF No. 7.

At sentencing, the court determined as true the statements of material fact, and adopted the sentencing classification, advisory guideline ranges and policy statements in the probation officer's final presentence investigation report (PSR), after finding there were no "further

1

comments or objections." *See* Tr. J. & Sent'g at 4:24–5:2, ECF No. 94.[1]  The PSR determined defendant was responsible for 1,263 grams of methamphetamine (actual) seized and "[w]hile an exact quantity cannot be determined, it is reasonably foreseeable that [defendant] is responsible for distributing in excess of 1.5 kilograms of methamphetamine (actual)." PSR ¶ 17, ECF No. 70 (under seal).  In computing the offense level, the PSR further stated, "[b]ased on the evidence gathered through the investigation, it appears the defendant was responsible for trafficking over 1.5 kilograms of methamphetamine (actual)," establishing a base level of 38. *Id.* ¶ 22. Defendant's total offense level of 38 and criminal history category of I made the applicable guideline range 235 to 293 months.  *Id.* ¶ 51.[2]  The probation office originally recommended 235 months of imprisonment, but later made an adjusted recommendation of 192 months of imprisonment.  *See* Tr. J. & Sent'g at 5:22–6:4.  As noted, the court accepted that recommendation.

A year later, the court reduced defendant's sentence to 188 months in prison following a stipulated motion to reduce sentence.  Stip. Order at 3, ECF No. 98.  The parties agreed defendant was entitled to the benefit of the Sentencing Commission's Guidelines Amendment 782, which lowered the sentencing range applicable to defendant to 188 to 235 months by reducing his total offense level by two points.  *Id.* at 1–2.

Defendant now argues his sentence is "excessive and unjust" because he should have been held responsible for 1,263 grams of methamphetamine (actual) and not 1.5 kilograms of methamphetamine (actual).  Mot. at 5–6, ECF No. 140.  The government opposes, Opp'n, ECF No. 144, and defendant has replied, Reply, ECF No. 147.

**II.    LEGAL STANDARD**

In general, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  However, in exceptional circumstances, the court may modify

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

[2] The base level for trafficking over 1.5 kilograms of methamphetamine (actual) at the time of conviction was 38.  PSR ¶ 22.  Defendant received a 2-level increase for his role in the offense and a 2-level reduction for acceptance of responsibility. *Id.* ¶¶ 24, 27.

the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). *Id.* A defendant must first exhaust administrative remedies. *Id.* If a defendant has exhausted administrative remedies, the analysis is twofold. First, to grant relief, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *Id.*

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2018). The relevant policy statement notes "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for the purposes of compassionate release. U.S.S.G. 1B1.13 cmt. 3. This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

While the Ninth Circuit has not directly decided whether excessive sentences may justify compassionate release, other circuits and district courts in this circuit have considered the length of sentence as a factor in determining whether to grant compassionate release. *See United States v. Jordan*, No. 13-00221, 2021 WL 3612400, at *2 (D. Nev. Aug. 13, 2021) (noting courts have considered whether a sentence is excessive in light of the First Step Act); *United States v. Rutkowski*, No. 00-000147, 2022 WL 1597382, at *5 (D. Haw. May 19, 2022) (collecting cases); *see, e.g.*, *United States v. Quinn*, 467 F. Supp. 3d 824, 829 (N.D. Cal. 2020) (considering whether a sentencing disparity has been created by subsequent changes to federal sentencing law).

### III. ANALYSIS

The parties do not dispute defendant has exhausted his administrative remedies as required by § 3582(c). *See* Mot. Ex. 1; Opp'n at 7. Thus, the remaining questions before the court are whether: 1) defendant's request is supported by "extraordinary and compelling" reasons, and 2) the relevant § 3553(a) sentencing factors weigh in favor of a reduction in sentence.

Defendant argues his excessive sentence constitutes an extraordinary and compelling reason to warrant compassionate release. He avers his sentence is "excessive and unjust" because he should have been held responsible for 1,263 grams of methamphetamine (actual) and not 1.5 kilograms of methamphetamine (actual). Mot. at 5–6.

The court finds defendant has not met his burden of establishing his eligibility for compassionate release. First, defendant has not explained why the PSR's finding that defendant was responsible for trafficking over 1.5 kilograms of methamphetamine (actual) is inaccurate. While the PSR notes 1,263 grams of methamphetamine (actual) was seized, it also states, "[b]ased on the evidence gathered through the investigation, it appears the defendant was responsible for trafficking over 1.5 kilograms of methamphetamine (actual)." PSR ¶¶ 17, 22. The sentencing court determined the statements of material fact were true and adopted the sentencing classification in the probation officer's final PSR, after noting there were no objections. *See* Tr. J. & Sent'g at 4:24–5:2. "[T]he burden of alleging factual inaccuracies of the presentence report is on the defendant." *United States v. Scrivner*, 114 F.3d 964, 969 (9th Cir.1997) (quoting *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994), as amended (Aug. 8, 1994)). Defendant makes only a conclusory statement that he is responsible merely for 1,263 grams of methamphetamine (actual), but does not explain or show why the PSR's finding that he was responsible for trafficking over 1.5 kilograms of methamphetamine (actual) is incorrect. Mot. at 7. Defendant has not met his burden. Accordingly, the court cannot find his sentence is excessive.

Second, defendant did not object to or appeal the finding that he was responsible for trafficking over 1.5 kilograms of methamphetamine (actual) prior to sentencing. Thus, he waived the right to challenge the PSR now. *See United States v. Visman*, 919 F.2d 1390, 1394 (9th Cir.

1990); *see also United States v. Mercado-Moreno*, 869 F.3d 942, 958 n.8 (9th Cir. 2017) (rejecting defendant's after the fact challenges to the PSR's factual allegations).

Because the court concludes defendant's request is not supported by "extraordinary and compelling" reasons, the court does not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.").

## IV.   CONCLUSION

For the reasons provided above, the court finds defendant has not met his burden of establishing extraordinary and compelling reason to warrant a reduced sentence. Defendant's motion for compassionate release under 18 U.S.C. § 3582(c) is **denied**.

This order resolves ECF No. 140.

IT IS SO ORDERED.

DATED: March 7, 2023.

CHIEF UNITED STATES DISTRICT JUDGE