UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:12-cr-00079-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Felipe Solis-Sanchez, | |
| Defendant. | |

Defendant Felipe Solis-Sanchez moves the court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(2) based on the retroactive application of the Sentencing Commission's Amendment 821 to the Sentencing Guidelines. The motion is **denied.**

I.      **BACKGROUND**

Following an entry of a guilty plea to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), the then-presiding judge sentenced defendant to 192 months in prison followed by 60 months of supervised release. Mins. Sent'g, ECF No. 74; *see* Mins. Change of Plea, ECF No. 50; Indictment, ECF No. 7. The sentence was based in part on a 2-level increase in offense level under U.S.S.G. § 3B1.1(c) for defendant's aggravating role. *See* Presentence Investigation Report (PSR) ¶ 24, ECF No. 70; Tr. J. & Sent'g at 2:24–3:2, ECF No. 94 (adopting PSR). A year later, the court reduced defendant's sentence to 188 months in prison following a stipulated motion to reduce sentence.

1

1   Stip. Order at 3, ECF No. 98.  The parties at that time agreed defendant was entitled to the benefit

2   of the Sentencing Commission's Amendment 782, colloquially known as the "drugs minus two"

3   amendment, which lowered the sentencing range applicable to defendant to 188 to 235 months by

4   reducing his total offense level by two.  *Id.* at 1–2; *see* Mot. at 2, 4, ECF No. 158; Opp'n at 5,

5   ECF No. 161.

6        Defendant now argues he is entitled to an additional reduction of sentence based on

7   Amendment 821 to the Sentencing Guidelines.  Mot.  The government opposes, Opp'n, and

8   defendant has replied, Reply, ECF No. 162.

9   **II.    LEGAL STANDARD**

10       In general, a "court may not modify a term of imprisonment once it has been imposed

11  except" in limited circumstances.  18 U.S.C. § 3582(c).  One exception is "in the case of a

12  defendant who has been sentenced to a term of imprisonment based on a sentencing range that

13  has subsequently been lowered by the Sentencing Commission[.]"  *Id.* § 3582(c)(2).  In such

14  cases, "the court may reduce the term of imprisonment, after considering the factors set forth in

15  section 3553(a) to the extent that they are applicable, if such a reduction is consistent with

16  applicable policy statements issued by the Sentencing Commission."  *Id.*  Thus, the court must

17  engage in a two-step process to determine whether a final sentence should be modified.  *See*

18  *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).  First, the court determines whether the

19  defendant is eligible for a sentence modification and the extent to which the reduction is

20  authorized.  *Id.* at 827.  Second, the court must consider any applicable § 3553(a) sentencing

21  factors and determine whether to exercise its discretion to reduce a sentence.  *Id.*

22  **III.   ANALYSIS**

23       The parties agree Amendment 821 applies retroactively.  *See* Mot. at 3; Opp'n at 1; *see*

24  *also United States v. Hoffman*, No. 08-00027, 2024 WL 870335, at *2 (D. Nev. Feb. 28, 2024)

25  (Amendment 821 applies retroactively).  Amendment 821 provides for a two-level reduction in

26  the offense level of certain zero-point offenders, meaning defendants who received zero criminal

27  history points.  *See id.*; U.S.S.G. § 4C1.1.  A defendant is entitled to a reduction under this

28  provision if the defendant meets all criteria listed in that section, including "the defendant did not

1   receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing

2   criminal enterprise, as defined in 21 U.S.C. 848[.]"  U.S.S.G. § 4C1.1(a)(10).

3        Defendant concedes he received an adjustment under § 3B1.1.  Mot. at 5; *see also* PSR

4   ¶ 24.  Because he does not satisfy all the criteria listed in § 4C1.1, he is ineligible for a sentence

5   reduction.  *See, e.g.*, *United States v. Gonzalez-Cardenas*, No. 11-01926, 2024 WL 666343, at *2

6   (S.D. Cal. Feb. 16, 2024) (denying relief on similar grounds).

7        Defendant, however, argues he is eligible for a reduction in sentence despite having

8   received an adjustment for an aggravating role because he was not engaged in a continuing

9   criminal enterprise.  Mot. at 5.  Relying on a Ninth Circuit panel decision interpreting the safety-

10   valve provision in 18 U.S.C. § 3553(f)(1), defendant argues he would be ineligible only if he both

11   received an adjustment under § 3B1.1 and was engaged in a continuing criminal enterprise.  *Id.*

12   (citing *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021)).

13        Defendant's argument is not persuasive.  As defendant concedes in his reply brief, *Lopez*

14   has been abrogated by the Supreme Court in the recent decision in *Pulsifer v. United States*,

15   144 S. Ct. 718 (2024).  *See* Reply at 1.  Moreover, the court finds § 4C1.1 is unambiguous.  A

16   defendant is entitled to an adjustment under § 4C1.1 if "all" of the criteria in the section are met.

17   U.S.S.G. § 4C1.1(a).  Under the plain language of the guidelines, defendant must meet criterion

18   number ten, which, as noted, provides "the defendant did not receive an adjustment under § 3B1.1

19   (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in

20   21 U.S.C. 848[.]"  *See id.* § 4C1.1(a)(10).  Because defendant received an adjustment for his

21   aggravating role under § 3B1.1, he does not satisfy this criterion even if he was not engaged in a

22   continuing criminal enterprise.  *See, e.g.*, *United States v. Arroyo-Mata*, No. 09-13,

23   2024 WL 1367796, at *2–4 & n.6 (N.D. Ga. Apr. 1, 2024) (collecting decisions from federal

24   district courts around the country and providing textual analysis of section § 4C1.1(a)(1)).  As

25   defendant himself argues, "'and' means 'and'; it does not mean 'or.'"  *See* Mot. at 5.  Because the

26   provision is unambiguous, the rule of lenity does not apply.  *See United States v. D.M.*, 869 F.3d

27   1133, 1144 (9th Cir. 2017) (rule of lenity applies "where there is grievous ambiguity or

28   uncertainty in the guidelines").

1    **IV.    CONCLUSION**

2         Defendant is not eligible for a sentence modification under Amendment 821.  Therefore,

3    defendant's motion under 18 U.S.C. § 3582(c)(2) is **denied**.

4         This order resolves ECF No. 158.

5         IT IS SO ORDERED.

6    DATED:  April 30, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE